

**STEVEN BANKS**
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**THOMAS LINDEMAN**
**Tel.: (212) 356-0418**
**tlindema@law.nyc.gov**

April 20, 2026

<u>**VIA ECF**</u>
Hon. Lewis J. Liman
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Cynthia Ramos v. Samuels et al,* 26-cv-3128(LJL)

Dear Judge Liman:

I am a Senior Counsel in the office of Corporation Counsel Steven Banks, attorney for Defendants in the above-referenced action.

I write in accordance with the Court's April 16, 2026 Order (ECF No. 9) and in opposition to Plaintiff's request for emergency relief. Plaintiff seeks funding pursuant to pendency of W.R.'s placement at the iBrain school and related service providers.

The instant matter is one of several motions Plaintiff's Counsel has made for emergency relief during the 2025-2026 school year. Indeed, iBrain plaintiffs have filed nearly identical motions for relief in four other cases in this district last week alone.[1] Plaintiff's Counsel has also filed additional requests for relief that are pending before the Second Circuit.

To obtain a preliminary injunction, "plaintiffs must (1) show a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiffs' favor, (2) that they are "likely to suffer irreparable injury in the absence of an injunction, (3) that the balance of hardships tips in their favor, and (4) that the public interest would not be disserved by the issuance of a preliminary injunction." *Mendez v. Banks*, 65 F.4th 56 at 63–64 (2d. Cir 2023) (internal quotation marks and alterations omitted). "Irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Sterling v. Deutsche Bank*, 368 F. Supp 3d 723, 727 (S.D.N.Y. 2019) (*citing Freedom Holdings, Inc. v. Spitzer*, 408 F.3d 112, 114 (2d Cir. 2005)).

Despite this being the fourth round of emergency motions filed by Plaintiff's Counsel

---

[1] *Zafrani v. Aviles-Ramos,* 25-cv-9772(MMG), *Abreu et al v. Aviles-Ramos,* 25-cv-5499(RA), *Juca v. Aviles-Ramos,* 25-cv-6972(DEH), *Bruckauf v. Aviles-Ramos,* 25-c-v5679(KPF)

during the current school year, they have wholly failed to substantiate their claims that emergency relief is warranted. Indeed, in the more than 80 motions for emergency relief filed by the Liberty and Freedom Legal Group (previously the Brain Injury Rights Group) ("L&F") on behalf of students attending iBrain since June of 2023, L&F has never provided evidence supporting their position that the students attending that school are at risk of irreparable harm.

The instant matter is no different. L&F cannot show entitlement to immediate funding pursuant to pendency. Even if L&F's position on the merits of pendency is correct, L&F has failed to show that any harm will befall W.R. in the absence of funding. Instead, L&F contends that the risk of irreparable harm is to the nonparty iBrain school. *See e.g.,* ECF No. 12. p.8. L&F relies solely on an email attached to a declaration from a law clerk allegedly from iBrain's Chief Operating Officer Dr. Daniel Sebbag to himself purporting to inform parents of a school closure on April 16, 2026 due to "current staffing limitations." ECF No. 6-3.

As an initial matter, L&F have provided no evidence that iBrain is facing financial difficulties. Further, there is no evidence to suggest that the relief L&F seeks here (i.e., full funding for W.R.'s 2025-2026 school year) would relieve those alleged difficulties enough to avert the harm L&F's motion foretells.

Next, as Judge Garnett held in *Zafrani v. Aviles-Ramos,* 25-cv-9772(MMG), "School closure affects every student in the same manner. There is also no established connection between this case or any delayed payments for this child and the vague "staffing limitations" referenced in the email." *Id,* ECF no. 65 filed April 17, 2026.

As discussed above, this is not the first time Plaintiff's counsel has alleged that iBrain was in danger of imminent closure. In January of 2024, this same Plaintiff's counsel made this same claim in *Grullon et al v. Banks,* 23-cv-10388(KPF). As Judge Failla informed Plaintiffs' counsel in that matter, it is not DOE's obligation to avert a closure of iBrain school by expediting payments to mitigate its alleged financial hardships:

> THE COURT: I don't think it's DOE's obligation to avert a close down of the school.
> MR. BELLANTONI: Well, when they have an obligation to pay pendency for those kids-
>
> THE COURT: The children can be educated elsewhere, sir.

*Grullon et al v. Banks*, et al, 23-cv-10388 (KPF), Tr. of Jan. 5, 2024 Hrg., ECF 39-3, at 58:7-12. *See also id.* at 62:4-15:

> THE COURT: I'm also not saying that students at iBrain, if not iBrain itself, should not advocate for prompt payment, and I actually have no horse in the race as to iBrain's continuing vitality or viability as a provider of its services to students. It is not my place to keep them afloat. It is not my place to shut them down. All of that said, I am troubled, because with each of these three waves of litigation, iBrain has suggested that somehow its students and by

> extension it is entitled to payment ahead of everybody he would
> [*sic*]. There are many schools and many students, and I am troubled
> by these aggressive litigation positions to basically short circuit the
> line that every other school's students waits on.

iBrain did not shut down in January of 2024. L&F brought a similar motion in October of 2025 in several pending actions, including *Frias et al v. Aviles-Ramos*, 25-cv-5936(JPC), *Fiallos et al v. Aviles-Ramos,* 25-cv-7281(JMF) and *Mendez v Aviles-Ramos,* 25-cv-5746(CM)(SLC). In each case, L&F again alleged that iBrain was on the brink of financial ruin.

Following the filing in *Frias,* 25-cv-5936, Judge Cronan ordered "limited, expedited discovery… That discovery shall cover iBrain's financial condition and include documentary discovery concerning iBrain's financial situation, as well as a deposition of Dr. Sebbag." *Frias,* ECF No. 44 p.2, filed October 14, 2025. L&F withdrew their motion on October 24, 2025.

In *Fiallos,* 25-cv-7281, Judge Furman also concluded that "limited, expedited discovery into iBrain's financial condition, including document discovery, is appropriate." ECF No. 48, filed October 17, 2025. L&F filed a notice of voluntary dismissal on October 24, 2025.

In *Mendez,* 25-cv-5746, Judge McMahon noted the withdrawals in *Frias* and *Fiallos*, noting "[L&F's] response (which is very unlike the response one would expect from parents who were suffering immediate injury while fighting for their disabled children's rights) certainly suggests that iBrain is not in imminent financial danger-or, perhaps, that it has other reasons for not wanting a court to explore its finances." ECF No. 39. p.4. Judge McMahon reserved judgment "on all issues pending completion of discovery." Defendant served iBrain and its related service providers with limited discovery requests on November 13, 2025. L&F appealed from Judge McMahon's discovery order on November 18, 2025.

Despite L&F's improper interlocutory appeal of a discovery order, discovery remains ongoing in *Mendez,* following Magistrate Judge Cave's granting in part of Defendant's motion to compel production on March 4, 2026 (ECF No. 65). In the last month iBrain has provided scant information regarding its financial state and operational budget while protesting the disclosure of any information pertinent to the inquiry at issue. The iBrain witnesses have also designated every produced document "confidential-attorney's eyes only." Defendants contest that designation, but are abiding by the limitations such designations entail until that dispute is resolved.

Should this Court be inclined to credit L&F's unsupported assertions that iBrain is at risk of closure, and should this Court determine that such closure constitute irreparable harm to W.R., this Court should approve the same limited, expedited discovery sought in *Frias* and *Fiallos,* and that is currently ongoing on *Mendez*. iBrain's financial state appears to be the sole motivating factor behind L&F's pending motion for emergency relief, yet the motion before the Court contains no evidence supporting the assertion that iBrain is in financial distress.

Finally, while L&F has proffered no evidence that iBrain is at risk of shutting down, DOE is affirmatively investigating providing potential emergency educational placements for any student affected by the closure of that institution, including W.R.

Turning to the other factors necessary to support a preliminary injunction, L&F cannot show a likelihood of success on the merits. The instant motion seeks pendency funding in connection with W.R.'s underlying administrative proceeding. The parties disputed pendency during that proceeding, resulting in IHO Le Goff's September 29, 2025 Pendency Order. ECF No. 1-2. On October 21, IHO Le Goff issued a Findings of Fact and Decision denying Plaintiff's request for relief. Plaintiff appealed to the SRO on October 27, 2025, noting in their Notice of Intent to Seek Review that pendency was an issue to be reviewed. DOE answered and cross appealed on December 22, 2025, also appealing from the IHO's pendency determination.

DOE acknowledges that it has an obligation to provide pendency to W.R. and has authorized funding through the end of the IHO proceeding as of this morning. That payment will be disbursed on an expedited schedule. This Court should decline to enforce the IHO pendency order while the parties' cross appeal is pending before the SRO. As Judge Oetken found in *Nicholls v. Aviles-Ramos,* 2026 U.S. Dist. LEXIS 51760 (S.D.N.Y. Mar. 12, 2026), *"ordering such relief would effectively result in the service providers being fully paid and would therefore risk undermining the purpose of the pending appeals."*

The equities do not favor Plaintiff. As Plaintiff has failed to show that W.R.'s educational placement is at risk, the only remaining issue is the timing of the monetary payments to which the Plaintiffs are entitled. Even were those payments due now, which they are not given the underlying appeal, waiting for that process to complete will not create the type of injury cognizable for emergency injunctive relief. *See Loveridge v. Pendleton Woolen Mills, Inc.,* 788 F.2d 914, 918 (2d Cir. 1986) ("[W]here money damages are adequate compensation, a preliminary injunction will not issue since equity should not intervene where there is an adequate remedy at law.").

Finally, the public interest is not served by issuance of preliminary injunction. DOE's procedures are designed to ensure that taxpayer funds are properly spent and cared for, and that the students receiving those funds are receiving adequate services. As a practical matter, it makes sense that it is the party generally responsible for paying a student's agreed-upon educational program—here, the DOE—that determines how the pendency services are to be provided. That is so for two reasons: (i) public funding for pendency services histocally cannot never be recouped; and (ii) the cost of educational services in schools can vary dramatically. *See Ventura De Paulino*, 959 F.3d 519 at 535 (2d Cir. 2020). Plaintiffs are attempting to frustrate those policies in service of immediate payment to iBrain without providing any evidence that immediate payment is necessary, or even that immediate payment obviate the harm they allege.

Thus, Defendants respectfully request that this Court deny Plaintiff's motion for a preliminary injunction.

Thank you for considering this submission.

Respectfully submitted,
_____/s/_____
Thomas Lindeman
Senior Counsel

cc: Rory J. Bellantoni, Esq. (via ECF)