UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                              :

CYNTHIA RAMOS, individually and as Parent and    :
Natural Guardian of W.R.,

                              :

                Plaintiff,        :       26-cv-3128 (LJL)

                              :

        -v-                    :      MEMORANDUM AND
                              :          ORDER

KAMAR H. SAMUELS, et al.,              :

                              :

              Defendants.     :

                              :
-------------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/21/2026

LEWIS J. LIMAN, United States District Judge:

Plaintiff Cynthia Ramos ("Plaintiff" or "Ramos") initiated this suit by complaint on April 16, 2026. Dkt. No. 1. Plaintiff seeks enforcement of an Order on Pendency (the "Pendency Order") issued by Impartial Hearing Officer ("IHO") Patricia Le Goff on September 29, 2025, which directed that the New York City Department of Education ("DOE") fund W.R.'s pendency placement at the private school at which the student is enrolled, iBRAIN. *Id.* ¶ 1. Plaintiff alleges that despite the Pendency Order, DOE has not paid the $950,705.00 for tuition and services related to that school, including transportation fees and 1:1 nursing services. *Id.* ¶ 3. DOE opposes the motion. Dkt. Nos. 16–17. The Court held a conference on April 20, 2026. This Order memorializes the Court's oral ruling.

"The IDEA offers federal funds to states that demonstrate, inter alia, that they have developed plans to assure 'all children with disabilities residing in the state' a 'free appropriate public education' ('FAPE')." *Mackey ex rel. Thomas M. v. Bd. of Educ. for Arlington Cent. Sch. Dist.*, 386 F.3d 158, 159–60 (2d Cir. 2004) (quoting 20 U.S.C. § 1412(a)(1)(A)). School districts must create an individualized education program ("IEP") for qualifying children to ensure they receive a FAPE. 20 U.S.C. § 1414(d). "The IDEA requires that an IEP be 'reasonably

calculated to enable the child to receive educational benefits.'" *R.E. v. N.Y.C. Dep't of Educ.*, 694 F.3d 167, 175 (2d Cir. 2012) (quoting *Bd. of Educ. v. Rowley*, 458 U.S. 176, 207 (1982)).

If a parent believes that the IEP is inadequate and that the district thus failed to provide their child with a FAPE, "the parent may file a 'due process complaint' [('DPC')] (a type of administrative challenge unrelated to the concept of constitutional due process) with the appropriate state agency." *Id.* (citing 20 U.S.C. § 1415(b)(6)).  The due process hearing is conducted by an IHO.  *See id.* (citing 20 U.S.C. § 1415(f)(1)(A)).  After an IHO has issued a decision, either party may appeal that decision to the State Review Officer ("SRO").  N.Y. Educ. L. § 4404(2).  Either party may then seek review of the SRO's decision in state or federal court. 20 U.S.C. § 1415(i)(2)(A).  The IDEA contains a "stay-put" or "pendency" provision that entitles children to "remain in [their] then-current educational placement" at public expense "during the pendency of any proceedings." *Id.* § 1415(j).  It is designed to ensure that the school district "continue[s] funding whatever educational placement was last agreed upon for the child until the relevant administrative and judicial proceedings are complete." *Doe v. E. Lyme Bd. of Educ.*, 790 F.3d 440, 452 (2d Cir. 2015).

The Second Circuit has clarified that although DOE is obligated to fund placements "for the duration of the proceedings," "[t]he IDEA's stay-put provision does not create an entitlement to immediate payment or reimbursement." *Mendez v. Banks*, 65 F.4th 56, 63 (2d Cir. 2023). "Parents or guardians may still be able to obtain such relief if they establish that a delay or failure to pay has jeopardized their child's educational placement.  But absent such a showing, DOE is not obliged to circumvent its ordinary payment procedures." *Id.*

In this proceeding, Plaintiff filed a due process complaint on behalf of W.R. for the 2025–26 school year on July 8, 2025.  Dkt. No. 1 ¶ 17.  The same day, Plaintiff submitted a

2

Pendency Implementation Form to DOE requesting immediate implementation of pendency. *Id.* Plaintiff cited 20 U.S.C. § 1415(j) as the legal basis for the requested funds. *Id.* ¶ 18. The fees requested in the pendency request totaled $950,705.00 for tuition and supplemental services, transportation services, and nursing services. *Id.* ¶ 19. IHO Le Goff was assigned the pendency case and, following briefing by the parties, held that iBRAIN was a proper pendency placement for the 2025–26 school year and directed DOE to retroactively fund the requested fees. *Id.* ¶ 22. Through the date of filing the instant suit, DOE had not made the pendency payment. *Id.* ¶ 24. DOE has now "authorized funding through the end of the IHO proceedings." Dkt. No. 16 at 4. Plaintiff has requested emergency relief on the basis that DOE has not made payment pursuant to the Pendency Order in effect since September 29, 2025. Dkt. No. 4.

To obtain a temporary restraining order, "plaintiffs must (1) show a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiffs' favor, (2) that they are likely to suffer irreparable injury in the absence of an injunction, (3) that the balance of hardships tips in their favor, and (4) that the public interest would not be disserved by the issuance of a preliminary injunction." *Mendez*, 65 F.4th at 63–64 (internal quotation marks and alterations omitted).[1] "Irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Ogunleye v. Banks*, 2025 WL 1078301, at *1 (S.D.N.Y. Mar. 27, 2025) (alteration adopted) (quoting *Reuters Ltd. v. United Press Int'l, Inc.*, 903 F.2d 904, 907 (2d Cir. 1990)). "Irreparable harm is an injury that is not remote or speculative but actual and imminent, and for which a monetary award cannot be adequate compensation." *Tom Doherty Assocs., Inc.*

---

[1] The standard for entry of a TRO is the same as a preliminary injunction. *Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008).

3

*v. Saban Ent., Inc.*, 60 F.3d 27, 37 (2d Cir. 1995) (citation and internal quotation marks omitted); *see also Henrietta D. v. Bloomberg*, 331 F.3d 261, 290 (2d Cir. 2003) ("A plaintiff seeking injunctive relief bears the burden of demonstrating it will suffer 'real and imminent, not remote, irreparable harm' in the absence of a remedy." (citation omitted)).

Plaintiff alleges that W.R. will suffer irreparable harm because "DOE's delay and failure to pay" has jeopardized the child's educational placement because iBRAIN is experiencing staffing limitations and school closures. Dkt. No. 8 at 11. The only evidence Plaintiff has supplied in support of that argument is an email from Daniel Sebbag, the Chief Operating Officer of iBRAIN, to undisclosed recipients, explaining that "due to current staffing limitations, school will be closed tomorrow[, April 16, 2026]." Dkt. No. 6-3. The email continues that "[w]e are actively working to stabilize staffing and operations and will provide an update regarding Friday as soon as possible." *Id.* The email is authenticated by a declaration of Zeal Patel ("Patel"), who is described as the "Deputy Chief of State" and a law clerk with counsel for Plaintiff. Dkt. No. 6. Patel refers to a declaration of counsel (which is not included in the application for a temporary restraining order) that purportedly refers to "rent issues allegedly resulting from DOE's continued withholding of pendency funding." Dkt. No. 6 ¶ 10. Patel also refers to a statement in the same declaration recounting a statement allegedly made by a lawyer for the school that the school has "lacked sufficient funds to cover payroll due on April 15, 2026 for more than 200 staff members." *Id.* ¶ 11. At the conference, counsel for Plaintiff further proffered that the school remained closed as of April 20, 2026, but could not proffer whether it would remain closed on April 21 or beyond.

Even taking into account that a Court may rely on hearsay evidence at the TRO stage, the meager evidence presented here is insufficient to support a claim for temporary injunctive relief.

First, although Plaintiff argues that W.R. is at risk of not being able to access the educational placement DOE is obligated to maintain during the pendency of proceedings, Dkt. No. 12 at 5, Plaintiff has submitted evidence only that school was to be closed on April 16, 2026 "due to current staffing limitations." There is no evidence what those staffing limitations are, what caused them, how long they are likely to last or if they will recur, and how they are affecting the school. Second, Plaintiff has not provided any explanation as to how the funding of a single student's pendency would alleviate the underlying problem they have identified, which allegedly is the inability to pay more than 200 staff members and make payments on past-due rent. *See Mendez v. Aviles-Ramos*, 2025 WL 3033725, at *2 (S.D.N.Y. Oct. 30, 2025) (finding similar allegations insufficient). At the conference, Plaintiff's counsel proffered that if the Court ordered DOE to pay W.R.'s pendency, iBRAIN would be able to provide some individual services to W.R. Counsel was not able to proffer that the school would open solely for one student. Counsel proffered that some individual providers may be able to provide services to the student at the student's home. There is no evidence before the Court as to what those services would look like or where they would be conducted. Moreover, the vague provision of some individual services to W.R. would not remedy the alleged irreparable harm Plaintiff has identified—the denial of a free appropriate public education.[2]

Additionally, although Plaintiff argues that the DOE is "contesting the obligation to pay at all," Dkt. No. 17 at 10, DOE has not taken that position in this litigation. To the contrary, it

---

[2] The Court is cognizant that this case is just one in a series of cases filed with respect to students at iBRAIN over the course of several years in which the Liberty and Freedom Legal Group has made allegations of imminent closure that have not been borne out. *See Grullon et al. v. Banks*, 23-cv-10388 (KPF); *Zafrani v. Aviles-Ramos*, 25-cv-9772 (MMG); *Frias et al. v. Aviles-Ramos*, 25-cv-5936 (JPC); *Fiallos et al. v. Aviles-Ramos*, 25-cv-7281 (JMF); *Mendez v. Aviles-Ramos*, 25-cv-5746 (SLC).

"acknowledges that it has an obligation to provide pendency to W.R. and has authorized funding through the end of the IHO proceeding as of this morning." Dkt. No. 16. It has not paid the remainder as the "parties' cross appeal is pending before the SRO." *Id.* The Second Circuit has explained that "[a]s a practical matter, it makes sense that it is the party generally responsible for paying a student's agreed-upon educational program" to "determine[] how the pendency services are to be provided" because "(i) public funding for pendency services can never be recouped; and (ii) the cost of educational services in schools can vary dramatically." *Ventura de Paulino v. N.Y.C. Dep't of Educ.*, 959 F.3d 519, 535 (2d Cir. 2020). Ordering immediate relief "would effectively result in the service providers being fully paid and therefore risk undermining the purpose of the pending appeals." *Nicholls v. Aviles-Ramos*, 2026 WL 699791, at *5 (S.D.N.Y. Mar. 12, 2026).

Failure to establish irreparable harm is fatal to Plaintiff's request for a TRO. The motion is DENIED. The Clerk of Court is respectfully requested to close Dkt. No. 4.


SO ORDERED.

Dated: April 21, 2026
     New York, New York               _____
                                         LEWIS J. LIMAN
                            United States District Judge

6