UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
:
CYNTHIA RAMOS,                                                          :
                                                                       :
                    Plaintiff,                                         :
                                                                       :
          -v-                                                          :
                                                                       :
KAMAR H. SAMUELS, et al.,                                              :
                                                                       :
                    Defendants.                                        :
                                                                       :
------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/27/2026

26-cv-3128 (LJL)

ORDER

LEWIS J. LIMAN, United States District Judge:

The Court held a conference in this matter on April 20, 2026.  *See* Minute Entry for April 20, 2026.  The Court issued a Memorandum and Order denying the Plaintiff's request for a temporary restraining order.  Dkt. No. 18.  It did so on the basis that Plaintiff failed to establish irreparable harm.  *Id.* at 6.  The Court did not rule on the Plaintiff's request for a preliminary injunction.  Although the standard for both forms of relief is the same, "[t]he purpose of a temporary restraining order is to preserve an existing situation *in statu quo* until the court has an opportunity to pass on the merits of the demand for a preliminary injunction."  *Garcia v. Yonkers Sch. Dist.*, 561 F.3d 97, 107 (2d Cir. 2009).

The parties submitted a joint letter to the Court on April 24, 2026, setting forth their respective proposals for how the case should proceed.  Dkt. No. 19.  Plaintiff proposes a swift briefing schedule on the motion for a preliminary injunction.  Defendant proposes instead that the motion "be held in abeyance pending necessary discovery."  *Id.* at 2.  According to the parties' letter, discovery is proceeding on a similar pendency question and the financial status of iBRAIN in *Mendez v. Aviles-Ramos*, Dkt. No. 25-cv-5746 (S.D.N.Y. Filed July 11, 2025).  The parties will appear before Judge Cave in that matter on May 5, 2026, "to discuss the necessity of

further document discovery and deposition scheduling." *Id.* at ECF No. 19 at 2. The Defendant has also requested that discovery be consolidated before Judge Cave in four other similar matters.

Plaintiff is entitled to move for a preliminary injunction at the time of its choosing. The standard for a preliminary injunction, as for a TRO, requires an adequate showing of irreparable harm. *See Free Country Ltd. v. Drennen*, 235 F. Supp. 3d 559, 565 (S.D.N.Y. 2016). If the Court were to deny the motion for a preliminary injunction, Plaintiff would have to demonstrate the existence of newly discovered evidence, an intervening change in controlling law, or clear error or manifest injustice. See *Lashify v. Qingdao Network Technology Co., Ltd.*, 2026 WL 112022, at *6 (S.D.N.Y. Jan. 15, 2026). The Second Circuit has long and repeatedly "disapproved the practice of 'trying to relitigate on a fuller record preliminary injunction issues already decided.'" *Semmes Motors, Inc. v. Ford Motor Co.*, 429 F.2d 1197, 1207 (2d Cir. 1970) (Friendly, J.) (quoting *American Optical Co. v. Rayex Corp.*, 394 F.2d 155, 155 (2d. Cir. 1968)). In other words, Plaintiff should choose its time to move for a preliminary injunction carefully, when it has a basis for such motion.

Defendant is also entitled to expedited discovery in connection with any such motion. "Although generally under [Federal] Rule [of Civil Procedure] 26(d)(1), '[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f),' an exception may be made . . . 'when authorized . . . by court order.'" *Celine S.A. v. Hongkong CSSBUY E-Com. Co., Ltd.*, 2024 WL 4627666, at *7 (S.D.N.Y. Oct. 30, 2024) (quoting *Mizra v. Doe #1*, 2021 WL 4596597, at *5 (S.D.N.Y. Oct. 6, 2021)). "[T]he Second Circuit has yet to articulate a standard for determining whether to allow expedited discovery." *Leslie v. Starbucks Corp.*, 2024 WL 2186232, at *5 n.8 (2d Cir. May 15, 2024) (summary order) ("We see no need

to declare a specific standard and instead apply the general abuse of discretion standard that we already apply to discovery-related decisions."). Although some courts apply a multifactor test that considers the movant's probability of success on the merits and the risk of injury to parties, the more recent trend has been to apply "a more flexible 'good cause' or 'reasonableness' standard." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litg.*, 2014 WL 12959675, at *1 (S.D.N.Y. July 23, 2014) (collecting cases). "This test requires a district court to examine the request 'on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances.'" *Id.* (emphasis in original) (quoting *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 327 (S.D.N.Y. 2025)).

"Requests for expedited discovery are typically appropriate in cases involving requests for preliminary injunction," especially where the discovery "would better enable the court to judge the parties' interests and respective chances for success on the merits at a preliminary injunction hearing." *Celine S.A.*, 2024 WL 4627666, at *7 (quoting *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2014 WL 12959675, at *2). Here, the "limited, expedited discovery," Dkt. No. 16 at 3, requested by Defendant would serve this purpose. Plaintiff has expressly relied on the financial condition of iBRAIN as the basis of their request for preliminary relief. To that end, Defendant requests discovery concurrent with that ongoing in the *Mendez* litigation which concerns iBRAIN's financial condition. *Id. See also Fiallos et al. v. Aviles-Ramos*, Dkt. No. 25-cv-7281 (S.D.N.Y. Filed Sept. 2, 2025), ECF No. 48 at 3 ("The Court concludes that limited, expedited discovery into iBrain's financial condition, including document discovery, is appropriate."); *Frias et al. v. Aviles-Ramos*, Dkt. No. 25-cv-5936 (S.D.N.Y. Filed July 18, 2025), ECF No. 44 at 2 ("the parties shall conduct limited, expedited discovery" which "shall cover iBrain's financial condition and include documentary evidence concerning iBrain's

financial situation."). Absent that discovery, the parties would be unable to test, and the Court would remain unable to evaluate, Plaintiff's claim of irreparable harm. The Court therefore grants Defendant's request for a coordinate discovery process before Judge Cave.

The parties are hereby directed to meet and confer to agree upon a schedule for the briefing of a preliminary injunction that permits Plaintiff to move for such relief when it is ready and also accounts for the discovery deadlines in *Mendez*. The parties shall inform the Court of such schedule by one week from today.

SO ORDERED.

Dated: April 27, 2026
New York, New York

_____
LEWIS J. LIMAN
United States District Judge

4